**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

THEODORE R. WILLIAMS,

    Plaintiff,

v.

OFFICER PAUL BRYANT,

    Defendant.

CIVIL ACTION NO.
1:08-CV-2336-RWS

## **ORDER**

This case is before the court on Defendant's Motion to Dismiss [Dkt. No. 2] and Plaintiff's Motion for Summary Judgment [Dkt. No. 6]. After considering the entire record, the Court enters the following Order.

## **Background**[1]

Plaintiff Theodore Williams filed this 28 U.S.C. § 1983 action against Defendant, Officer Paul Bryant, alleging that Officer Bryant is liable to Plaintiff for damages and losses for violation of his Fourth and Fourteenth Amendment Rights. He claims that Officer Bryant was responsible for wrongful charges brought against Plaintiff which resulted in fifteen days of jail time, the loss of

---

[1] The Court makes no findings with regard to the facts stated herein, which are drawn primarily from Plaintiff's Complaint [1] and the documents attached thereto.

his job, and the improper seizure of his vehicle. He claims that there was an unlawful search and seizure and that he was denied due process.

According to the incident report filed by Plaintiff, Officer Bryant and Officer J.R. Hill were on routine patrol on January 24, 2008. While on patrol, the officers approached a vehicle parked alongside a closed business. The officers saw Plaintiff sitting in the vehicle and asked him why he was there. Plaintiff explained he was kicked out of his place. The officers asked if the vehicle was his, and he replied that it was. However, the license plate of the vehicle came back as belonging to a pharmaceutical company in Cobb County, Georgia.

The officers asked Plaintiff for identification and learned that he was wanted on an open warrant, #98706. The officers then searched Plaintiff and his vehicle. The officers found a bottle of Viagra pills prescribed to an individual named Clayton Wesley. The officers also found a portable DVD player, a Fluke multimeter, a cell phone, a set of tools, and an open bottle of alcohol. Plaintiff claimed to have purchased these items at a pawn shop but could not provide its name. When the officers took Plaintiff into custody, the car and property were impounded.

Now before the Court are Defendant's Motion to Dismiss [Dkt. No. 2], and Plaintiff's Motion for Summary Judgment [Dkt. No. 6].

**Analysis**

I. Defendant's Motion to Dismiss [Dkt. No. 2]

The Court shall first consider Defendant's Motion to Dismiss. [Dkt. No. 2] When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true all facts set forth in the plaintiff's complaint. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted); FED R. CIV. P. 12(b)(6). Further, courts must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); FED. R. CIV. P. 12(b)(6). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); FED. R. CIV. P. 8. See also Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (May 21, 2007) (citations omitted); Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005).

3

The Supreme Court has introduced the plausibility standard for motions to dismiss. See Twombly, 127 S.Ct. at 1964-68. The non-movant's factual allegations must raise the right to relief above the speculative level. Id. at 1964. The Supreme Court stressed that "[a]sking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [that is relevant]." Id. at 1965.

With this legal standard as a basis, the Court turns to consider Defendant's Motion. Plaintiff does not specify in his Complaint [Dkt. No. 1] whether he is suing Officer Bryant in his "official" or "individual" capacity. However, as the Court liberally construes a *pro se* Plaintiff's Complaint, the Court will interpret Plaintiff's filings as intended to pertain to both an official capacity claim and an individual capacity claim. Plaintiff also appears to assert state law tort claims against Officer Bryant.

Qualified immunity provides "complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th

4

Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). Its purpose is to "allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks and citations omitted).

To receive qualified immunity, the public official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Lee, 284 F.3d at 1194. The Court finds that Officer Bryant was clearly acting in his official capacity under the facts as alleged by Plaintiff. The burden then shifts to the Plaintiff. Lee, 284 F.3d at 1194. There is a two-part test to determine whether a defendant is entitled to qualified immunity. First, a court asks " 'whether [the] plaintiff's allegations, if true, establish a constitutional violation.' " Vinyard, 311 F.3d at 1346 (quoting Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002)). Second, after sufficiently stating a constitutional violation, a court must ask whether the right was "clearly established." Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). The Court also notes that qualified immunity

5

is a question of law for the court. Post v. City of Fort Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993).

Turning to the first prong of this test, the Court must determine whether Plaintiff's allegations establish a constitutional violation. The Court must conclude that they do not. It is well-settled that an arrest made with probable cause does not violate the Fourth Amendment. Wood v. Kesler, 323 F.3d 872, 878 (11th Cir. 2003). When an arrest is made pursuant to a warrant, it is considered a lawful arrest absent a showing of misconduct. An arrest made with probable cause is an absolute bar to a § 1983 claim for false arrest. Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996).

It is clear from the documents that Plaintiff has filed in this case that he was arrested pursuant to a valid arrest warrant. This is an undisputed fact in the record. Therefore, the Court concludes that Officer Bryant had sufficient probable cause to arrest Plaintiff. Plaintiff's allegations, even liberally construed in favor of Plaintiff, do not establish any constitutional violation in this case. Therefore, Plaintiff's § 1983 claims against Officer Bryant shall be **DISMISSED** due to qualified immunity.

AO 72A
(Rev.8/82)

Plaintiff also appears to assert claims against Officer Bryant in his official capacity. It is well-established that claims against a public official in his or her official capacity is simply a claim against the entity for which the public official is an agent. Kentucky v. Graham, 473 U.S. 159, 165 (1985). In this case, Plaintiff's official capacity claims against Defendant are claims against the City of Atlanta.

In such a case, a municipality is liable only when the execution of a policy or custom, whether made by lawmakers or by those whose edicts may be said to represent official policy, inflicts the injury. See, e.g., Quinn v. Monroe County, 330 F.3d 1320 (11th Cir. 2003); Griffin v. City of Opa-Locka, 261 F.3d 1295 (11th Cir. 2001); Gold v. City of Miami, 151 F.3d 1346 (11th Cir. 1998) (arrestee failed to show policy of inadequate training for police officers). The policy must be the moving force behind the violation. City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985). Additionally, a municipality may be liable where it permits or tolerates unconstitutional acts by its employees, even though the municipal policy itself is not unconstitutional. Griffin, 261 F.3d at 1295. Where the policy relied upon is not itself unconstitutional, considerably more proof than a single incident will be necessary in every case to establish both the

7

requisite fault on the part of the municipality, and the causal connection between the "policy" and the constitutional deprivation. City of Oklahoma, 471 U.S. at 808.

Here, Plaintiff has failed to allege any such policy or custom which led to his alleged injuries. And he has certainly failed to point to any incidents beyond the single arrest contained in his Complaint. Thus, his claims against Defendants in his official capacity fail, and they are hereby **DISMISSED**.

As mentioned above, Plaintiff also brings claims against Officer Bryant under the auspices of state law. Under Georgia law, an officer:

> may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance fo their official functions.

O.C.G.A. § 36-33-4. An official function is "any act performed within the officer's or employee's scope of authority, including both ministerial and discretionary acts." Gilbert v. Richardson, 452 S.E.2d 476, 483; 264 Ga. 744, 753 (1994). This means that an officer may be personally liable if he performs his ministerial duties with negligence, actual malice, or intent to injure.

8

Cameron v. Lang, 549 S.E.2d 341, 345; 274 Ga. 122, 124 (2001). But an officer may only be liable for the performance of the discretionary acts if he acts with malice or intent to injure. Id.

In this case, Officer Bryant acted within his discretionary authority in arresting Plaintiff. Courts have consistently recognized that an officer's decision to make an arrest is a discretionary act. See, e.g., Bouye v. Marshall, 102 F.Supp.2d 1357 (N.D. Ga. 2000). Therefore, Plaintiff can successfully bring state law claims only if he can establish malice or intent to injure. There is no such allegation in the record before the Court. The conclusory allegations in Plaintiff's complaint do not rise high enough to meet the plausibility standard laid out above. In fact, Plaintiff's pleadings provide no support whatsoever for the contention that Officer Bryant acted intentionally or maliciously in Plaintiff's arrest. Nothing in Plaintiff's Complaint, even liberally construed, would suggest that Defendant was doing anything but performing his duties as a police officer. Absent pleadings alleging specific malicious or intentional conduct, Plaintiff's Complaint fails to set forth a claim upon which relief can be granted. For these reasons, Defendant's Motion to Dismiss shall be **GRANTED** and all state law claims against him are hereby **DISMISSED**.

9

II. Plaintiff's Motion for Summary Judgment [Dkt. No. 6][2]

Based on the foregoing conclusions and the Court's ruling on Defendant's Motion to Dismiss, the Court shall **DENY** Plaintiff's Motion for Summary Judgment [Dkt. No. 6].

## Conclusion

In conclusion, Defendant's Motion to Dismiss [Dkt. No. 2] is hereby **GRANTED**, and Plaintiff's Motion for Summary Judgment [Dkt. No. 6] is hereby **DENIED**.

**SO ORDERED**, this   31st   day of March, 2009.

*[signature]*

**RICHARD W. STORY**
United States District Judge

---

[2] The Court notes that there is some confusion over whether this filing by Plaintiff was intended as a response to Defendant's Motion to Dismiss or as a separate Motion for Summary Judgment, but the Court shall construe the document as it is labeled by Plaintiff: a Motion for Summary Judgment.

10